UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION
CIVIL ACTION NO. 3:11-CV-18-H
*Electronically Filed*

MAXWELL'S PIC-PAC, INC. et al.                                    PLAINTIFFS

v.        **DEFENDANTS DEHNER AND REED'S RESPONSE
          TO PLAINTIFFS' MOTION FOR SUMMARY JUDGMENT**

TONY DEHNER, et al.                                                DEFENDANTS

***** ***** ***** ***** *****

The Defendants, Tony Dehner and Danny Reed, by counsel, and for their response to the Plaintiffs' Motion for Summary Judgment, represent and state as follows:

There are no genuine issues of material fact.  The issues presented are questions of law.  The law is not ambiguous and dictates a judgment in favor of the Defendants.

In their motion, the Plaintiffs offer neither supporting fact nor controlling law for their claim that Kentucky laws prohibiting the sale of liquor and wine in gas stations, groceries and convenience stores violate the 14th Amendment protections of due process and equal protection.  While at first glance the Plaintiffs' arguments may sound appealing, they cannot withstand the scrutiny of elementary constitutional principles.  They argue that distinguishing licensing privileges between groceries and drug stores is groundless and that permitting the sale of beer, but not wine, in a grocery is ridiculously inconsistent.[1]  On legal analysis, the argument

---

[1] Plaintiffs' Memorandum p. 7. It is important that the Court remain cognizant that the Plaintiffs also seek to nullify Kentucky's prohibition on the sale of whiskey in gas stations and groceries.

1

demonstrates that Plaintiffs either don't understand their burden or are craftily attempting to circumvent it.

In regard to their equal protection claim, it is the Plaintiffs' burden to negate *any conceivable* basis which might support the law. *Federal Communications Commission v. Beach Communications, Inc.*, et al., 508 U. S. 307, 113 S. Ct. 2096 (1993), citing *Lying v. Automobile Workers*, 485 U. S. 360, 370, 109 S. Ct. 1184, 1192 (1988). The Plaintiffs, who are not members of a "suspect class" within the meaning of the 14th Amendment, cannot satisfy this "extremely heavy" burden and overcome the mammoth authority conferred upon the Commonwealth by the 21st Amendment. *37712, Inc. v. Ohio Dept. of Liquor Control*, 113 F. 3d 614, 622 (6th Cir. 1997).

The failure of the Plaintiffs to qualify as a suspect or even quasi-suspect class makes the Plaintiffs' burden so high and the rationally related threshold of the Commonwealth's regulation so low. It is also why the Plaintiffs' reliance on *Commonwealth ABC Board v. Burke*, 481 S.W.2d 52 (Ky. 1972) is so erroneous. In *Burke*, the Court held that the state's effort to regulate where and how women could consume and served alcoholic beverages was unconstitutional. Key to the Court's analysis was the discrimination on the basis of sex. It found that the Federal Civil Rights Act of 1964 prohibited discrimination on the basis of sex, even if Kentucky's Civil Rights Act did not. Likewise, gender classifications have been treated as at least a "quasi-suspect" class within the context of the equal protection clause of the 14th Amendment. Quasi-suspect classifications are subjected to higher scrutiny requiring a substantial relationship to important governmental interests. *Ohio Dept. of Liquor Control, at p.621.*

*Burke* does not set the standard for review in this case. Rather, the statutes involved here receive the lowest standard of review. The laws involved here regulate only the nature of the premises where alcoholic beverages may be sold. The laws do not discriminate against any class of persons or infringe upon any fundamental right. The Sixth Circuit's analysis of other similarly challenged alcoholic beverage control laws provides guidance based upon Supreme Court decisions and should be followed here:

> [O]rdinary enactments which do not especially impair the interests of members of any suspect or quasi-suspect class, and do not inordinately burden the exercise of anyone's fundamental rights (such as those statutes at issue *sub judice*), are tested under the least demanding equal protection standard, namely the "rational relationship" inquiry, whereby "legislation is presumed to be valid and will be sustained if the classification drawn by the statute is rationally related to a legitimate state interest." (Citations omitted) "When social or economic legislation is at issue," such as the Ohio local option statutes in controversy, " the Equal Protection Clause allows States wide latitude, and the Constitution presumes that even improvident decisions will eventually be rectified by the democratic process." (Citations omitted) "The burden on a party seeking to overturn a legislative enactment for irrationally discriminating between groups under the equal protection clause is an extremely heavy one." (Citations omitted) … [statute] must be sustained if any conceivable basis rationally supports it." (Citations omitted). *Ohio Department of Liquor Control*, at pp. 621-622.

The plaintiffs' only effort to satisfy their weighty burden is to pick at the various suggestions of a rationally related basis for the statutes in question. They argue that the bases are arcane, inconsistent or less effective than others may be. But the Plaintiffs' knit-picking is not enough and Defendants are not required to articulate any supporting rationale. The Kentucky legislature's action here "is not subject to courtroom fact-finding and may be based on rational speculation unsupported by evidence or empirical data." *Federal Communications Commission*, 508 U.S. at p. 315, 113 S. Ct. at p. 2102. Plaintiffs cannot demonstrate that the law and regulations fail to bear any conceivable relationship to the control of alcoholic beverages. They cannot because the regulation of the types of premises where alcoholic beverages can be sold is directly related to the control of alcoholic beverages. Stated another way, this Court's sister

court in the Eastern District held that: "[t]here exists a rational basis for the statute, namely, the need to regulate establishments serving alcoholic beverages." *Simms v. Farris*, 657 F. Supp. 119, 124 (E.D. Ky. 1987).

The Plaintiffs dissatisfaction with the democratic process led to the filing of this action. Failing to persuade the Kentucky General Assembly of the wisdom of their goal to permit the sale of liquor in gas stations and groceries, the Plaintiffs filed this action. But their burden here puts the Plaintiffs' goal legally further from their reach than it was in the legislature.

The Plaintiffs tag along claims of denial of due process and violation of separation of powers are not persuasive. In *Ohio Dept. of Liquor Control*, the Court found that the voters or their representatives obviously have "a legitimate interest in regulating the types, modes, and circumstances of alcohol sales… [and] Legislative distinctions between various types, modes and circumstances of dispensing alcoholic beverages generally constitute a reasonable means of furthering that public interest." *Id.* at p.620. Kentucky's legislative distinctions in the licenses available for use on various premises types furthers the public's interest to control the manufacture, sale and use of alcoholic beverages.

Coming in a late amended complaint and receiving little treatment at the end of the Plaintiffs' brief, demonstrates the after-thought weakness of the separation of powers argument. The argument is dispelled by legislature's express delegation of authority to regulate all facets of the alcoholic beverage industry through promulgation of administrative regulations. The regulations questioned here follow that express authority and compliment the statutory scheme.

Conclusion

Unable to carry their burden to negate any conceivable rational for the questioned legislation, the Plaintiffs' Motion for Summary Judgment should be overruled, and judgment should be entered in favor of the Defendants.

Respectfully tendered:

/s/  Peter F. Ervin_____
Peter F. Ervin, General Counsel
Public Protection Cabinet
Capital Plaza Tower
500 Mero Street, 5th Floor
Frankfort, KY 40601
(502) 564-7760
*peter.ervin@ky.gov*

CERTIFICATE OF SERVICE

It is hereby certified that on this 30th day of January, 2012, the foregoing Motion and tendered Memorandum and Order were electronically filed with the Clerk of the Court by using the CM/ECF system, which will send a notice of electronic filing to the following:

| | |
|---|---|
| M. Stephen Pitt | Kenneth S. Handmaker |
| Merrill S. Schell | Kevin L. Charlson |
| WYATT, TARRANT & COMBS, LLP | Middleton Reutlinger |
| 2800 PNC Plaza | 2500 Brown & Williamson Tower |
| Louisville, KY 40202 | Louisville, KY 40202 |

/s/ Peter F. Ervin_____
Counsel for Defendants
Dehner and Reed