UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION
*Electronically Filed*

| | |
|---|---|
| MAXWELL'S PIC-PAC, INC., et al. ) | |
| ) | |
| PLAINTIFFS ) | |
| ) | |
| v. ) | CIVIL ACTION NO. 3:11-CV-18-H |
| ) | |
| TONY DEHNER, et al. ) | |
| ) | |
| DEFENDANTS ) | |

**PLAINTIFFS' REPLY TO THE STATE'S
RESPONSE TO PLAINTIFFS' MOTION FOR SUMMARY JUDGMENT**

During the written discovery phase of this case Plaintiffs asked the Commonwealth of Kentucky, through its ABC Commissioner Tony Dehner (collectively "the State"), to articulate any and all rationales for excluding retailers who sell a "substantial" amount of "staple groceries" and/or gasoline from the universe of retailers who can apply for and receive one of Kentucky's limited number of wine and liquor licenses. The State offered a number of purported rationales [Dkt. 41-26 pp. 3-6]. Plaintiffs' summary judgment brief explained in detail why each and every one of these purported rationales fail as a matter of law [Dkt. 41-1 pp. 11-34].

In its four page response brief the State does not defend any of its rationales. It simply dismisses Plaintiffs' detailed discussion of them as "knit-picking" [Dkt. 47 p. 3]. The State then summarily claims that KRS 243.230(5) should survive Plaintiffs' equal protection challenge because the law "controls alcoholic beverages." Respectfully, the State is in error.

    **1.    Arbitrary Discrimination Is Unconstitutional Even If It Serves a Legitimate State Objective.**

The State's equal protection argument is this: KRS 243.230(5) is a statute relating to the control of the sale of alcohol. Controlling the sale of alcohol is a legitimate state objective.

Accordingly, KRS 243.230(5) is "rationally related" to a legitimate state objective and therefore should survive, even if the discrimination embodied in KRS 243.230(5) is arbitrary:

> Plaintiffs cannot demonstrate that the law and regulations fail to bear any conceivable relationship to the control of alcoholic beverages. They cannot because the regulation of the types of premises where alcoholic beverages can be sold is directly related to the control of alcoholic beverages.

[Dkt. 47 p. 3].

Therefore, the State argues that so long as arbitrary discrimination serves a legitimate state purpose it is constitutional. That argument, however, is misleading. The United States Supreme Court has consistently held that regardless of the purpose of a law, "arbitrary and irrational discrimination violates the Equal Protection Clause under even our most deferential standard of review." *Bankers Life & Cas. Co. v. Crenshaw*, 486 U.S. 71, 83 (1988).

A simple example reveals the flaw in the State's reasoning. Imagine that KRS 243.230(5) did not discriminate between retailers based upon their sale of "staple groceries" and "gasoline or lubricating oil," but instead discriminated between retailers based upon the first letter of their names. Specifically, assume the law prohibited retailers whose names start with the letters "A" through "D" from obtaining a package wine and liquor license. As a result, only retailers whose names start with the letters "E" through "Z" could apply for and obtain a wine and liquor license. According to the State, such arbitrary discrimination is constitutional because such a law, which would ban a sizable number of Kentucky retailers from participating in the wine and liquor market, would have a "conceivable relationship to the control of alcoholic beverages."

Such arbitrary discrimination is, of course, unconstitutional. To pass constitutional muster the classification *itself* must be rationally related to a legitimate state interest. *Id*. Accordingly, in the above example, there must be something about a retailer starting their name

with the letters "A" through "D" that warrants the State treating them differently than other retailers in regards to the sale of wine and liquor. There obviously is not. Such arbitrary discrimination is unconstitutional, even though it has a "conceivable relationship to the control of alcoholic beverages."

And the same is true in this case. There is no justification for prohibiting retailers who happen to sell a "substantial" amount of "staple groceries" and/or gasoline and from competing for one of the limited number of Kentucky package wine and liquor licenses if similarly situated retailers such as Walgreens, CVS, and Rite-Aid can compete for those licenses. This arbitrary discrimination, which is embodied in KRS 243.230(5), is logically identical to prohibiting a retailer from selling wine and liquor because its name starts with the letter "A."

Accordingly, the State's suggestion that KRS 243.230(5) should survive because the arbitrary discrimination therein serves a "legitimate state purpose" is a non-starter. The State cannot accomplish its goals, no matter how legitimate, using arbitrarily discrimination.

### 2. Plaintiffs Have Stated the Correct Equal Protection Standards of Review In This Case.

The State takes issue with Plaintiffs' citation of *Commonwealth v. Burke*, 481 S.W.2d 52 (Ky. 1972), wherein the Kentucky Supreme Court struck down provisions of the ABC Act that prohibited women from working as bartenders or drinking liquor at a bar. The State argues that *Burke* "does not set the standard for review in this case" because it involved gender discrimination, and the State dismisses Plaintiffs' citation to *Burke* as "erroneous" [Dkt. 47 pp. 2-3].

To be clear, Plaintiffs have never argued that *Burke*, or any other gender-based case, sets the standard of review in this case. Instead, Plaintiffs cite to *Burke* to show that (1) the ABC Act has a history of provisions that arbitrarily discriminate, (2) the ABC Board generally defends

3

those provisions regardless of their merit, and (3) the striking down of such arbitrary provisions does not result in the nullification or unraveling of the entire ABC Act.

Plaintiffs have always acknowledged that the United States Constitution requires KRS 243.230(5) be given a rational basis review [Dkt. 41-1 pp. 10-11]. While the Kentucky Constitution requires that KRS 243.230(5) be scrutinized under a higher "substantial and reasonable justification" standard, this Court should not have to employ Kentucky's higher standard because KRS 243.230(5) fails so badly under the Federal "rational basis" standard. Accordingly, the State is completely off-base in suggesting that Plaintiffs have applied the wrong standards of review to this case.[1]

### 3. The State Has No Response Whatsoever to Plaintiffs' "Void For Vagueness" Argument.

The State does not deny that the key terms in KRS 243.230(5) are hopelessly vague. It also does not deny that the legislature failed to provide the ABC Board with any guidance for defining those terms, and that the ABC Board adopted 804 KAR 4:270 to "eliminate the confusion that an absence of such definitions has caused." After all, the regulation's preamble says exactly that.

Unable to point to any actual weakness in Plaintiffs' "void for vagueness" claim, the State resorts to attacking the claim solely on grounds that (1) it first appeared in Plaintiffs'

---

[1] Kentucky's highest court nevertheless made it clear in *Burke* that the laws at issue there would not have survived a rational basis review, stating that "we perceive neither a rational connection nor a fair and substantial relation between the claimed objective of the statute (to properly regulate the sale of liquor or beer) and a purely discriminatory provision prohibiting non-licensee women bartenders and the consumption at the bar of distilled spirits rather than beer by women." *Burke*, 481 S.W.2d at 54. In fact, this quote suggests that the Court saw no legitimate basis for a provision of the ABC Act that distinguished between beer and liquor. The Court reasoned that if a woman can drink beer at a bar she should also be allowed to drink liquor at a bar. *Id.*

Amended Complaint, (2) it was the second (of the two) arguments that Plaintiffs made in their summary judgment brief, and (3) Plaintiffs made the argument in a mere five (5) pages:

> Coming in a late amended complaint and receiving little treatment at the end of Plaintiffs' brief, demonstrates the after-thought weakness of the separation of powers argument.

[Dkt. 47 p. 4].

The State's suggestion that Plaintiffs' "void for vagueness" argument is a disposable "after-thought" is absurd. An argument does not fail, and is not at all cheapened, by the fact that it is asserted in an amended complaint, is the second (of two) arguments in a summary judgment brief, and/or can be made in five pages. Where a statute such as KRS 243.230(5) suffers from two fatal constitutional infirmities, the party challenging the statute must make one of the arguments first and the other one second. The fact that Plaintiffs here made their equal protection argument first, and their void for vagueness argument second, does not mean that Plaintiffs' void for vagueness argument is any weaker than Plaintiffs' equal protection argument. Moreover, the fact that Plaintiffs made their "void for vagueness" argument in five pages means nothing more than it is a straightforward argument.[2] Suffice it to say, the fact that the only flaws that the State can find in Plaintiffs' "void for vagueness" argument is its positioning and length in Plaintiffs' summary judgment brief only confirms that the argument should prevail.

In fact, Kentucky law actually places the burden on the State to defeat Plaintiffs' claim that the ABC Board enacted 804 KAR 4:270 in violation of Kentucky's separation of powers. Specifically, KRS 13A.140 provides that "when an administrative regulation is challenged in the courts it shall be the duty of the promulgating administrative body to show and bear the burden

---

[2] To follow the State's rationale to its logical end, the State's entire response brief is valueless, and should be ignored, because it is only four pages long.

5

of proof to show" that it had the authority to enact the regulation, and had legislative authority to do so. Notably, the State's response brief does nothing to show that the ABC Board had the legislative authority to enact 804 KAR 4:270. The State does not cite to a delegating statute, much less to any guidelines or standards that guided the ABC Board's definitions, even though the legislature is required to provide to an agency defining vague statutory terms with such guidance. *Bd. of Trustees of Judicial Form Retirement System v. Attorney General*, 132 S.W.3d 770, 778-785 (Ky. 2003). The State does not even come within the neighborhood of meeting its burden. Accordingly, both KRS 243.230(5) and 804 KAR 4:270 violate Kentucky's strong separation of powers as a matter of law.

## CONCLUSION

There is no rational basis, much less a substantial and reasonable justification, for excluding retailers who sell "substantial" amounts of "staple groceries" and/or gasoline from the universe of retailers who can apply for and receive one of Kentucky's limited number of wine and liquor licenses. Moreover, the statute that embodies this discrimination, KRS 243.230(5), is void for vagueness. Accordingly, Plaintiffs' motion for summary judgment should be granted.

Respectfully submitted,

s/ Christopher W. Brooker
M. Stephen Pitt
Christopher W. Brooker
WYATT, TARRANT & COMBS, LLP
500 W. Jefferson Street, Suite 2800
Louisville, Kentucky 40202
502.589.5235
*Counsel for Plaintiffs*

## CERTIFICATE OF SERVICE

It is hereby certified that on this 16th day of February, 2012, a copy of the foregoing was served electronically via the CM/ECF filing system upon the following:

| | |
|---|---|
| Peter F. Ervin, Esq. | Kenneth S. Handmaker, Esq. |
| General Counsel | Kevin L. Chlarson, Esq. |
| Public Protection Cabinet | Loren Prizant, Esq. |
| Capital Plaza Tower | Middleton Reutlinger |
| 500 Mero Street | 2500 Brown & Williamson Tower |
| 5th Floor | Louisville, Kentucky 40202 |
| Frankfort, Kentucky 40601 | |

s/ Christopher W. Brooker
One of Counsel for Plaintiffs

60126676.1