UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION
CIVIL ACTION NO. 3:11-CV-18-H
*Electronically Filed*

MAXWELL'S PIC-PAC, INC. et al.                                            PLAINTIFFS

v.         **DEFENDANTS DEHNER AND REED'S REPLY IN
           SUPPORT OF MOTION FOR SUMMARY JUDGMENT**

TONY DEHNER, et al.                                                        DEFENDANTS

***** ***** ***** ***** *****

This Reply Memorandum is submitted on behalf of the Defendants, Tony Dehner and Danny Reed, in opposition to the Response filed by the Plaintiffs and also in further support of the Defendants' Motion for Summary Judgment.

In their Response, the Plaintiffs attempt to roll their challenge to KRS 243.230(5) and 804 KAR 4:270 into one sweeping conclusion of unconstitutionality under the auspice of *Diemer v. Transportation Cabinet*, 786 S.W.2d 861 (Ky. 1990). This cannot be done. The principles of that case have no application to the subject action. Also, questions of statutory vagueness and impermissible delegation of powers through regulation are questions that must be treated separately, and neither offers relief to the Plaintiffs.

In their argument, the Plaintiffs gloss over meaningful analysis of KRS 243.230(5) and go directly to the conclusion not only that the statute is vague, but that it is unconstitutionally vague. There is a difference, and the higher standard for unconstitutional vagueness cannot be

1

sustained by the plaintiffs. In order for a statute to be found to be unconstitutionally vague, it "must be incapable of judicial interpretation" in which case it "is declared void for "unintelligibility" or "uncertainty" as opposed to [mere] "vagueness". *Board of Trustees of the Judicial Form Retirement System v. Attorney General of Kentucky*, 132 S.W.3d 770, 778 (Ky. 2004).

Defendants contend that the statute is not at all vague.[1] KRS 446.080(4) provides:

> All words and phrases shall be construed according to the common and approved usage of language, but technical words and phrases, and such others as may have acquired a peculiar and appropriate meaning in the law, shall be construed according to such meaning.

The words *substantial* and *staple* have a common usage in the English language. They are defined in Webster's dictionary. While *substantial* maybe a word of art within the law, no technical training or application is necessary for understanding its meaning within the statute. It cannot be said that the statute is incapable of judicial interpretation. There is no need of resort to extraneous evidence or legislative history for an understanding of the legislative intent. *Cf. Board of Trustees of the Judicial Form Retirement System.* An ordinary reading of the statute demonstrates the point.

The statutory language: "No retail package or drink license for the sale of distilled spirits or wine shall be issued for any premises used as or in connection with the operation of any business in which a substantial part of the commercial transaction consists of selling at retail staple groceries or gasoline and lubricating oil."[2] The statute cannot reasonably be argued to be *unintelligible* or unconstitutionally vague. The statute makes clear that the sale of distilled spirits

---

[1] The preamble to 804 KAR 4:270 notwithstanding.
[2] KRS 243.230(5).

and wine is prohibited in grocery stores and gas stations. On this point there is no *uncertainty* and therefore no ambiguity.

On the question of whether KRS 243.230(5) is unconstitutionally vague or somehow violates the Equal Protection and Due Process clauses, the Plaintiffs Motion should be denied and the Defendants' Motion for judgment as a matter of law should be sustained.[3]

In regard to 804 KAR 4:270, the Plaintiffs' reliance on *Diemer* as controlling is equally mistaken. In *Diemer*, the court concluded that the legislature's attempt to permit an executive department to give definition to an unconstitutionally vague statute amounted to an unconstitutional abdication or delegation of power. In effect, the action amounted to the executive writing the statutory law. This is not at all the case *sub judice*.

The statute here stands alone in its common expression, understanding and application. The regulation is neither necessary nor intended to lend meaning to law. The regulation is not necessary to make the law either intelligible or certain. The law could be applied without resort to the regulation. But the regulation is appropriate to prevent arbitrary application of the law by defining the limits of the relative terms. Without the regulation, ABC licensees and applicants for ABC licenses could be subject to the mores of changing administrations and their appointed boards. The relationship between this regulation and the law it implements is in the nature of the relationship that the Supreme Court intended to sanction in *Chevron USA, Inc. v. Natural Resources Defense Council*, 467 U.S. 837, 104 S. Ct. 2778 (1984). The regulation reflects the unique experience and knowledge of the agency in implementing its statutes.

---

[3] Discussion of the equal protection and due process arguments have not been rehashed in this Reply because it has already been adequately demonstrated that the Plaintiffs have not and cannot sustain their burden relative to those issues.

3

The regulation conforms to controlling Kentucky law. Because we do not have the situation confronting the court in *Diemer* (i.e., an executive agency attempting to lend substance to an unintelligible law), the analysis of the Kentucky court in *Deckert v. Levy*, 213 S.W.2d 431, 433 (Ky. 1948) is controlling. Addressing ABC regulations, the court held that, "Without promulgation of rules and conditions there is no guidance either for the officers or the public, particularly for those who come or desire to come within the operation of the statute." The subject regulation lends guidance like that contemplated by the court in *Young v. Willis*, 203 S.W.2d 5, 7 (Ky. 1947)[4], where the court acknowledged the difficulty in distinguishing "between legislative and administrative functions" but held:

> We stated the true distinction to be: "The legislature cannot delegate its power to make a law; but it can make a law to delegate a power to determine some fact or state of things upon which the law makes, or intends to make, its own action depend."[5]

In KRS 243.230(5) the legislature established an intelligible framework for its intended application. The regulation merely compliments the statutory scheme in a manner "consistent with the plain meaning" of the statute. *Jewish Hospital, Inc. v. Baptist Healthcare System, Inc.*, 902 S.W.2d 844, 848 (Ky. App. 1995).

The regulation does not change the law. The law is capable of application without the regulation. This case does not present the same issues as those considered by the court in *Diemer*. On the question of whether the regulation violates the separation of powers doctrine, the Plaintiffs' Motion should be overruled and the Defendants' Motion should be granted with entry of judgment in their favor as a matter of law.

---

[4] Significantly, this case was cited with approval in 2004 in *Board of Trustees of the Judicial Form Retirement System. Supra.*
[5] Citing *Bloemer v. Turner*, 137 S.W.2d 387, 391 (Ky. )

Respectfully submitted:

/s/ Peter F. Ervin_____
Peter F. Ervin, General Counsel
Public Protection Cabinet
Capital Plaza Tower
500 Mero Street, 5th Floor
Frankfort, KY 40601
(502) 564-7760
*peter.ervin@ky.gov*

CERTIFICATE OF SERVICE

It is hereby certified that on this 15th day of February, 2012, the foregoing Motion and tendered Memorandum and Order were electronically filed with the Clerk of the Court by using the CM/ECF system, which will send a notice of electronic filing to the following:

| | |
|---|---|
| M. Stephen Pitt | Kenneth S. Handmaker |
| Merrill S. Schell | Kevin L. Charlson |
| WYATT, TARRANT & COMBS, LLP | Middleton Reutlinger |
| 2800 PNC Plaza | 2500 Brown & Williamson Tower |
| Louisville, KY 40202 | Louisville, KY 40202 |

/s/ Peter F. Ervin_____
Counsel for Defendants
Dehner and Reed

5