UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

CIVIL ACTION NO. 3:11-CV-18-H

MAXWELL'S PIC-PAC, INC., et al.                                                            PLAINTIFFS

V

ROBERT VANCE, in his official capacity
as Secretary of the Kentucky Public
Protection Cabinet, et al.                                                                 DEFENDANTS

**MEMORANDUM OPINION AND ORDER**

Pursuant to Fed. R. Civ. P. 62(c), Defendants have moved to stay enforcement of the Court's prior Memorandum Opinion and Order dated August 13, 2012, which denied Defendants' motion for summary judgment and declared KY. REV. STAT. ANN. § 243.230(5) (1942) and 804 KY. ADMIN. REGS. 4:270 (1982) unconstitutional (the "Order"). The Court temporarily stayed the Order pending consideration of this subsequent motion to stay. Defendants now argue that the Order should be further stayed, pending appeal to the Sixth Circuit Court of Appeals.

To determine whether a stay is appropriate under Rule 62(c), the Court must consider the following factors: "(1) whether the stay applicant has made a strong showing that [it] is likely to succeed on the merits; (2) whether the applicant will be irreparably injured absent a stay; (3) whether issuance of the stay will substantially injure the other parties interested in the proceeding; and (4) where the public interest lies." *Nken v. Holder*, 556 U.S. 418, 426 (2009)(quoting *Hilton v. Braunskill*, 481 U.S. 770, 776 (1987)). The Court must balance these factors in determining whether to issue a stay. *Baker v. Adams Cnty./Ohio Valley Sch. Bd.*, 310

F.3d 927, 928 (6th Cir. 2002).

This is an unusual, difficult and perhaps historic case. Nevertheless, the Court agrees with Plaintiffs that Defendants are not likely to succeed on their appeal. The Court particularly disagrees with Defendants that its failure to specifically discuss the Twenty-First Amendment is a reversible error. The Court fully considered the state's known regulatory powers in reaching its decision. However, that amendment does not change the well-known equal protection analysis. Thus, the first factor weighs against a stay.

The Court will consider the next three factors as interdependent and related. Of course, either side might be momentarily prejudiced by either (1) a reversal of this Court's opinion which is unstayed or (2) an affirmance of the opinion which had been stayed. No doubt, some stores that stand to benefit from this Court's opinion might miss opportunities to obtain liquor licenses due to the operation of Kentucky's quota system.[1] While Plaintiffs present a fair argument as to the harms that would befall some retail establishments as a result of a stay, the Court views the question of a stay in a larger context than the parties' immediate interests.

Neither party's particular interest is damaged irreparably or substantially by a stay. Consequently, neither interest trumps the public's interest in a fair and final result without unnecessary regulatory confusion. Plaintiffs assert that this Court should not grant the stay because they won the case, and granting it would effectively obviate that victory. It is important

---

[1] In Kentucky, retail package licenses in Jefferson County are capped at one for every 1,500 residents, while the rest of the state is capped at one for every 2,300 residents per county or jurisdiction. KY. REV. STAT. § 241.065; KY. REV. STAT. § 241.060(2); 804 KY. ADMIN. REGS. 9:010. For example, in McCracken County, all retail package licenses available have been issued. Plaintiffs argue that if one of these licenses becomes available in the time it takes the Sixth Circuit to render an opinion on appeal or the Kentucky General Assembly to pass new retail liquor sales legislation, grocery and convenient stores will not be able to apply for the available licenses under the stay, resulting in a missed opportunity that may not come around again for some time.

to remember that the Court did not decide that Plaintiffs have a right to sell package liquors, only that the current statutory scheme regulating the licensing of package liquors or wine sales violates the Equal Protection Clause. It is true that, absent a stay, this Court's opinion would cause the default result that no state law governs these sales and Plaintiffs and others similarly situated could apply for package liquor licenses.

However, the courts are hardly the only branch of government with a role here. This Court's role is only to set the outlines of constitutionally permitted action. As this Court acknowledged, the Kentucky legislature has the primary and broad power to regulate the sale of package liquors. No doubt, prior to the conclusion of any appeal, the legislature will have an opportunity to enact new legislation which could avoid or alter the default result of an affirmance of this Court's decision.

Regulatory confusion does not serve the public interest. That kind of confusion is more likely were this Court to require a dramatic change in Kentucky regulatory policy prior to the other participants – the legislature and the appellate courts – having their say. The Court concludes that the public interest in a fair, stable and final process far exceeds that of the parties in some immediate advantage.

The circumstances of this case are quite unusual. Though the Court held in their favor in the Order, the Court does not believe that Plaintiffs can demonstrate a compelling interest in the immediate enforcement of its decision. Consequently, the final three factors, and particularly the final one, heavily favor a stay, even though the Court does not believe that the appeal will likely succeed. For all these reasons, the Court will enter an order staying the enforcement of the Court's Memorandum Opinion and Order dated August 13, 2012.

Whether to require a bond under a Rule 62(c) stay is in the Court's discretion. Fed. R. Civ. P. 62(c)("[T]he court may . . . grant an injunction on terms for bond or other terms that secure the opposing party's rights."). The legal issues disputed here are larger than the parties' individual interests. Plaintiffs cannot obtain any money damages in this case. It would not serve any purpose, therefore, to require a bond.

Being otherwise sufficiently advised,

IT IS HEREBY ORDERED that Defendants' motion for a stay absent a bond is SUSTAINED and the Court will stay enforcement of its Memorandum Opinion and Order dated August 13, 2012, until further order of this Court.

cc: Counsel of Record