CIVIL ACTION NO. 3:11-CV-18-H

MAXWELL'S PIC-PAC, INC., *et. al.*                                           PLAINTIFFS

v.

TONY DEHNER, *et. al.*                                                       DEFENDANTS

**MEMORANDUM OPINION AND ORDER**

After the Sixth Circuit reversed the decision of this Court, the case has found its way back here despite the Circuit having not remanded it. *See Maxwell's Pic-Pac, Inc. v. Dehner*, 739 F.3d 936, 939 (6th Cir. 2014). The essence of the dispute concerns the precise scope of that appellate decision and whether Plaintiffs' state equal protection claim survives the Sixth Circuit's reversal.

Plaintiffs ask that their state claim be dismissed without prejudice in order to preserve their option to file suit in state court. Defendants argue that the Sixth Circuit reversed this Court's grant of summary judgment without remanding any issue and, therefore, no state constitutional claim remains. Both sides have presented interesting and potentially viable arguments.

The pertinent background is as follows. This Court granted Plaintiffs' motion for summary judgment on their federal and state equal protection claims, applying the rational basis standard to both. *See Maxwell's Pic-Pac, Inc. v. Dehner*, 887 F. Supp. 2d 733 (W.D. Ky. 2012). The Court acknowledged, but did not decide, that the analysis under state law might involve a heightened standard. That is, for the purposes of Plaintiffs' state equal protection claim, the state may be required to articulate "a 'reasonable basis' or a 'substantial and justifiable reason' for

discriminatory legislation." *Id.* at 752 (quoting *Elk Horn Coal Corp. v. Cheyenne Resources, Inc.*, 163 S.W.3d 408, 418−19 (Ky. 2005)). However, because this Court found that Kentucky's laws failed the rational basis test, it saw no need to determine whether a heightened standard applied or analyze Plaintiffs' claim under that standard. On appeal, the Sixth Circuit reversed using the rational basis standard and did not discuss the standard applicable to the state equal protection claim. Consequently, left undecided by any court is whether a heightened standard applies to state equal protection analysis in this particular case and, if so, whether Kentucky's legislative classification meets that standard.

Though its language was imprecise, the Circuit's intention no doubt was to resolve both state and federal claims as argued. Certainly, it did not intend to remand this case for further proceedings on the state constitutional claim. The Sixth Circuit's decision therefore fully resolves Plaintiffs' claims in this case. Accordingly, the Court will dismiss those claims with prejudice.

Again, the Court notes that the Sixth Circuit reversed this Court's findings only insofar as Kentucky's laws satisfied the rational basis standard; it did not decide the standard applicable to Plaintiffs' state equal protection claim. For this reason, the preclusive effect of the Sixth Circuit's decision on any subsequent state equal protection claim is unclear. Therefore, this Court's present dismissal of Plaintiffs' claims with prejudice does not necessarily bar another party from pursuing a similar state equal protection claim in state court.

Being otherwise sufficiently advised,

IT IS HEREBY ORDERED that this case and all the claims in it are DISMISSED WITH PREJUDICE.

cc:      Counsel of Record